Wilde J.
afterward drew up the opinion of the Court. It appears by the report of the case, that the wagon in question was built by the plaintiff’s intestate for the defendant, in pursuance of a contract, but was not completely finished at the time of the intestate’s death. It had been then painted once, whereas it was to have been painted a second time ; and it was so painted after the intestate’s death. According to the case of Mucklow v. Mangles, 1 Taunt. 318, the property in the wagon did not vest in the defendent, but remained in the intestate, and on his death passed to the administrator. Lawrence J, says, “ that no property, in such a case, vests until the thing is finished and delivered.”[1] It is not, however, necessary to discuss the question, whether a delivery in this case was necessary, or whether the wagon was so far finished as that the defendent might have brought trover if the intestate had sold it to another.
By the contract, the wagon was to have been finished in the spring of 1827. It was not done within the time stipulated, and the defendant was not bound to receive it. In the November following the defendant left his account for mutton delivered to pay for the wagon, with an attorney, for collection, authorizing him, however, to receive the wagon. The attorney called on Brown and demanded the wagon, but it not *571 being ready, he commenced a suit against Brown, which was discontinued in 1829 ; and after the death of Brown the defendant’s claim was proved before the commissioners of insolvency and was allowed. After these proceedings it is impossible to uphold the defendant’s claim on the wagon. He was bound by the proceedings of his attorney. He had an undoubted right to rescind the contract, and it was rescinded.
The contract was broken by the failure of the intestate to build the wagon within the time stipulated by the parties. This was an executory contract, and not a contract of sale. The defendant’s remedy was an action on the promise for the breach of the contract. It was optional with the defendant afterwards to waive his right of action, and accept the wagon, but not to take it without the plaintiff’s consent. The property in the wagon was clearly in the plaintiff and could not pass to the defendant except by a new agreement or an actual delivery. The taking therefore was tortious and the default must stand.

Judgment for plaintiff.

 See Oldfield v. Lowe, 9 Barn. & Cressw. 73 ; Goode v. Langley, 7 Barn. & Cressw. 96; Atkinson v. Bell, 8 Barn. & Cressw. 277 ; Maberley v. Sheppard, 10 Bingh. 99; Sumner v. Hamlet, 12 Pick. 82, 83; Glover r. Austin, ( Pick. 209 ; Johnson v. Hunt, 11 Wendell, 135.